# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 23, 2009

Charles R. Fulbruge III
Clerk

No. 07-51475
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FERNANDO CARDENAS-LUNA, also known as Fernando Cardenas Luna,

Defendant-Appellant.

_____

CONSOLIDATED WITH No. 07-51476

_____

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

FERNANDO LUNA-CARDENAS

Defendant-Appellant

_____

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:01-CR-516-1
USDC No. 2:06-CR-1072-1

_____

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Fernando Luna-Cardenas (Luna) was convicted by a jury of possession of marijuana with intent to distribute. Luna gave timely notice of his appeal from the judgment of conviction. Because of his conviction, Luna's supervised release related to a 2002 conviction of possession of marijuana with intent to distribute was revoked. Luna gave timely notice of his appeal from that order. The two appeals have been consolidated.

During the trial, the Government offered certified copies of the judgment, plea agreement, and factual basis for the plea agreement related to the prior drug conviction as proof of Luna's guilty knowledge. Luna contends that the district court reversibly erred in admitting the evidence because the evidence was unduly prejudicial. He contends that the probative value of the evidence was lessened and that the evidence was unnecessarily cumulative because the jury learned of the prior conviction through other evidence. He complains that the evidence was extremely prejudicial because the two offenses involved nearly identical facts. He argues that admission of the judgment and commitment order and the written plea agreement related to the prior offense was unfairly prejudicial because the judgment revealed that he received a relatively lenient sentence for the prior conviction and because the documents showed that he was on supervised release at the time he committed the instant offense. He contends that the evidence suggested that he was a man of bad character.

The admission of evidence under Federal Rule of Evidence 404(b) is reviewed under a heightened abuse-of-discretion standard. *United States v. Buchanan*, 70 F.3d 818, 831 (5th Cir. 1995). Extrinsic evidence is admissible so

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

long as its probative value is not substantially outweighed by its inherent prejudice. *United States v. Beechum*, 582 F.2d 898, 913–15 (5th Cir. 1978) (en banc).

Luna's prior conviction was highly probative because, as Luna concedes, it was virtually identical to the charged offense. Luna's intent to commit the extrinsic offense was not in dispute because of his guilty plea. Moreover, the extrinsic evidence was not of a "heinous nature" such that it would "incite the jury to irrational decision by its force on human emotion." *Id.* There is no reason to believe that its admission was "likely to confuse the issues, mislead the jury, cause undue delay, or waste time." *Id.* The evidence was not needlessly cumulative. *See id.*; *see also Fed. R. Evid.* 403. Luna does not dispute that the prejudicial effect of admitting the extrinsic evidence was mitigated by the district court's limiting instructions; nor does he contend that the instructions were otherwise inadequate. *See United States v. Duffaut*, 314 F.3d 203, 209–10 (5th Cir. 2002). Luna has not shown that the district court abused its discretion in admitting the evidence. *See Beechum*, 582 F.2d at 914, 917 & n.23.

Luna contends that the marijuana at issue in this case was hidden and that, therefore, the district court erred in refusing to instruct the jury that the Government could not rely solely on his control of the minivan to prove guilty knowledge. *See United States v. Pennington*, 20 F.3d 593, 598 (5th Cir. 1994). In this case, the marijuana was concealed in duffle bags. Although packages of marijuana could be seen in one bag that had a broken zipper, that bag was covered by another bag and arguably was not in plain view or readily accessible. *See United States v. Villarreal*, 324 F.3d 319, 324 (5th Cir. 2003).

Any error in failing to give the instruction was harmless because there was ample evidence of Luna's guilty knowledge, that is, the prior similar conviction of possession of marijuana with intent to distribute, the large quantity of marijuana found in the vehicle Luna was driving, and Luna's incriminating

statements to investigating officers. *See United States v. Hart*, 295 F.3d 451, 454 (5th Cir. 2002) (harmless-error standard). The failure to give the instruction did not impair Luna's ability to mount his defense of lack of knowledge. *See United States v. Simkanin*, 420 F.3d 397, 410 (5th Cir. 2005). The knowledge element was "substantially covered" in the court's charge because the jury was instructed that to convict, it had to find that Luna knowingly possessed the marijuana with intent to distribute. *See id.* The jury was not instructed specifically that it could infer Luna's guilty knowledge solely from the fact that he had control over the vehicle. *See id.* Thus, the failure to give the proposed instruction did not have a substantial and injurious effect or influence in determining the jury's verdict. *See Hart*, 295 F.3d at 454.

Luna contends that, in the event that his conviction is vacated, the court should also vacate the district court's order revoking his supervised release. Because we have determined that the instant conviction must be affirmed, it follows that the district court's order revoking Luna's supervised release must also be affirmed.

AFFIRMED.